Case number 15-5049, Victor Charles Fourstar, Jr. Appellant v. Garden City Group, Inc. et al. Mr. Kozak for the amicus curre, Ms. Lyons for the appellees. Good morning. Good morning. May it please the Court, my name is Jonathan Kozak, as amicus curre, on behalf of Appellant Victor Fourstar. Your Honors, the Court has requested amicus to address two issues that at their very foundation ask whether this Court should turn its back on its long history of interpreting literally the three strikes provision of the Prisoner Litigation Reform Act. The PLRA identifies three grounds upon which an action may be dismissed in its entirety and constitute a strike. Frivolousness, maliciousness, and failure to state a claim. The question here is whether the Court should read into the statute two additional grounds, what I'll refer to as a declination in which a court declines to exercise supplemental jurisdiction or state law claim, and what I'll refer to as an express strike, in which a court expressly states that a case it is dismissing constitutes a strike under the PLRA. Under this Court's precedent in Thompson v. DEA and Butler v. DOJ, which are dispositive in this case, the Court should decline to read those grounds into the statute. These issues are at play in this case because Appellant Fourstar petitioned to proceed in form of operas and was denied that privilege by the District Court, who concluded that Fourstar had already accumulated three strikes. The three cases it identified are what I'll shorthand as Murlock, Zemian, and Ness. And two of the three cases were incorrectly identified as strikes. Those were Zemian and Ness. And neither Zemian nor Ness were all of the claims dismissed on one or more of the enumerated grounds under the three strikes provision. Can I ask a road mapping question to get me started here? Which is, let's suppose we agree with you on your express strike argument. Right? I'm sorry? Your proposition that the Court's labeling what it's doing as an express strike. If we agree with you on that, the Zemian one falls just under Thompson itself. That's correct, Your Honor. I think. And therefore, we wouldn't necessarily have to address your first what you're calling declination argument because there would only be two strikes then. That's correct, Your Honor. Okay. Just making sure I understand. Okay. Keep going. So as you correctly identified in Zemian, the federal claims were dismissed for a lack of subject matter jurisdiction, a non-enumerated ground which the Court already found in Thompson. And the state law claim was dismissed without prejudice when the Court declined to exercise supplemental jurisdiction, in part because the state law claim involved a highly novel application of state law. So based on Zemian alone, the lower court's decision should be reversed. The government has conceded that Zemian was incorrectly identified as a strike on the basis of the dismissal of the federal claims. Right. They argue you should take the express strike as it stands. Correct. Ness was also incorrectly decided because in Ness, the federal claims were dismissed for failure to state a claim, but the state law claims were dismissed because the Court declined to exercise subject matter jurisdiction, but also because the state law involved highly novel applications of state law. And that's important here because the PLRA was meant to stem the tide of egregiously meritless cases and a state law claim that's a highly novel application of state law. Is it important to your argument that the reason behind the declination was complex issues under state law? I mean, I'm grasping for why on the Thompson framework that should make any difference. Your Honor, I would say that it's not critical that no one- It's icing on a cake already frosted. Yes. Thank you, Your Honor. That's right. As long as our basic point is that a declination is not one of the three enumerated grounds. To the extent that you're using it to suggest that the state law claim was probably strong, it's quite possible. Another possibility is the state law claim was so far out that the court judge doesn't want to plow through the way in which you establish that it's far out and is therefore a loser. So, I mean, I'm just thinking that to make that a significant part of a ruling would be troublesome. I understand that, Your Honor. I think the point is, though, that what the court didn't do was say that the state law claim was frivolous or a failed state claim. And that would have been an enumerated ground. So they specifically chose a different ground, which is a non-enumerated ground. Right. I think you're saying it doesn't come within the literal terms of the statute. And because sometimes the state law claims may be novel or complex, it doesn't even come within the spirit, at least in those cases. That's correct. But we don't have to get to the spirit if we agree with you on the literal. That's correct. So the only other question is whether this express strike should be given any legal effect. And, again, looking at the statute, the word strike isn't even in Section 1915G. And it simply is superfluous. If the lower court identifies the three enumerated grounds, there's no need for it to go on to say this constitutes a strike by itself. It's just in the apparent reasoning of the lower court, period, is your argument. Correct. And that's what the court suggested or indicated in Thompson, is that it's incumbent upon the lower court to establish the three enumerated grounds, or that it's dismissing on one of the three enumerated grounds, in order to make it clear and ease the burden on the following court. And so allowing an express strike to sort of stand in place would be problematic, because you wouldn't know which of the three grounds. It would just become a difficult issue to address on appeal. It doesn't help the classification issue, as far as I can make out. Right. This isn't critical to your argument, but suppose a district court dismisses a claim for failure, a case for failure to state a claim upon which relief may be granted, and it's clear that the district court, the original district court, completely botched that, and it was actually a jurisdictional dismissal. Can we look behind that or not? No, Your Honor. Under Thompson, you can't. Okay. That's not an issue here. Right. No, I understand it's not an issue here. I'm just making sure your reading of Thompson is the same as my reading, which is you can look behind the label express strike, your shorthand, but you can't look behind the substantive basis on which the district court acted, even if that was erroneous. Right. I mean, if the district court said, this is a failure to state a claim, but it was actually a lack of subject matter jurisdiction, you're sort of out of luck under Thompson. But if the district court says, this is a strike, but it's clear that they were wrong because they relied on a non-enumerated ground, that can be addressed. And that's exactly what the Ninth Circuit did in Eliason, and we submitted a Rule 28J letter on that issue, and the court reversed. Now, suppose the – I don't think this argument is still in the case, but suppose another court of appeals, as the Third Circuit did here, has looked at this and said, this person already has three strikes. I – well, in this particular case – I'll give you time, by the way. Don't worry about that light. Okay. Thank you. Thank you. In this particular case, the Third Circuit relied on the same three cases, and I would say that in that particular case, the court has the ability to sort of reevaluate the prisoner's history and determine whether that was actually an accurate ruling. I mean, I guess that's an argument that applies in an awful lot of issue-conclusion cases. I mean, in any event, Bill, I would say that issue-conclusion is the idea that you're not required – in fact, it's an almost optional doctrine. You're not required to follow decisions that are transparently wrong. I think, in a sense, you're fitting it into that bottle without quite labeling it that. I'll be happy to label it. One of the three factors in the preclusive effect concept is, if we're working on fairness, it's not to be given the preclusive effect. And I think here it's obvious to most everybody that Zemian is not to be considered a strike. And so in Ekroth, the Third Circuit case, that makes that ruling quite problematic. Well, it's even easier here, right, because you have the Ninth Circuit saying he's not and the Third Circuit saying he is. And so if you have two – which one would we give collateral as topical effect to? You're going to pick the Ninth Circuit. You're going to pick the Third Circuit. But your point is, even if we only had one, it doesn't matter in either direction. That's correct. But it certainly works in unfairness if there's another court of appeals that went the other way. And I think that in this particular case, it appears that these three cases, Murlock, Ness, and Zemian, have been sort of the underlying basis and have sort of been passed along and along among a number of different courts. And I think finally the Ninth Circuit said, no, this is not right. And I think the district court here would – I'm sorry, the D.C. Circuit here, based on its own precedent, should find the same. What about the argument that we say declination of supplemental jurisdiction does not make a decision a strike? If that's part of what happens in the case, the decision won't be a strike, even if the rest of what the district court did was a 12 v. 6 dismissal. And so now what every prisoner is going to do is lob in a couple state law claims. What's your answer to that concern? My answer to that is that's a – what I like to call a parade of horribles question, an open-up-the-flight-gates question, which this court addressed in Butler, which involved a failure to prosecute. And that was a problem that was apparently rampant. And this court said, okay, we're looking at the statute. The statute says it provides three enumerated grounds. A failure to prosecute is not one of those grounds. And it's up to the Congress to address that problem if it wishes. And the Supreme Court did the same thing in Nitschke v. Williams on failure to state a claim wasn't one of the three enumerated grounds. And was also, you know, the prison officials were also concerned about this issue. And, again, the Supreme Court said if Congress wants to deal with that, Congress can. And Congress did. And so here in this case if – Your answer is Congress should fix it if that comes to pass. That's my answer. I think it would also be the case that if this engram, this – the idea that this was an engram of requirements of 1915 and that we shoved it into the Pivot 2 three-fold category or maybe a four-fold category, prisoners would presumably come up with all kinds of similarly effective devices for protecting themselves, right? I mean, it's hard for me to see it as something uniquely advantageous from a prisoner's point of view about how raising a state law claim might trigger this particular type of disposition. Yeah, I agree, Your Honor. I think it's – there's nothing unique about a declination being a particularly effective way of gaining the system that was any way different than a failure to prosecute where, you know, which the court just – this court simply said is not a reason to read a non-enumerated ground into the statute. Okay. Thank you. We'll hear from you in rebuttal. We'll hear from the government now. Good morning. Good morning, Your Honor. May it please the Court. Certainly, I'd just like to pick up where you left off. Adding state law claims as a way around the three strikes rule in the Prisoner Litigation Reform Act won't be a way to gain the system until a court recognizes it as such. So that's what's at stake here today. Well, I'm assuming it will become a way to gain the system, but I'm also assuming I have no role, proper role in preventing that. Well, let's talk about that for a second. The statute obviously doesn't speak directly to the question. The Prisoner Litigation Reform Act does not say what a court should do when there are state law claims. Well, the statute, though, identifies the basis on which something will count as a strike. Correct. And that's an exclusive list as I read this statute. And when it's dismissed on some other ground or declined to exercise some part of the jurisdiction over some part of the case, that doesn't fall within one of these three. Right. But maybe it would be good to talk about the Zemion case in particular here because Zemion is an interesting thing. That's something for everyone, I like to say. Well, that doesn't even qualify under Thompson, right? I disagree, and let me tell you why. In Zemion, it was a legal malpractice case against a private attorney seeking damages. The federal claims were dismissed for lack of jurisdiction. The state claims were dismissed without prejudice. So there's no question the entire action is dismissed, and there's no declination per se of supplemental jurisdiction. That idea comes out of what the report and recommendation suggested. And, interestingly, the report and recommendation was accepted by the court, but the court also said, Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit. So that wasn't restricted to the federal claims. That label, that frivolous label, sticks onto the state law claims as well. So Zemion is dismissed. How do we know that? Because what he's saying is you couldn't take an appeal, and you could easily say that appealing the merits of the federal claims, that would be frivolous, and appealing a decision not to exercise supplemental jurisdiction when something is kicked out at the threshold like this would also be frivolous. That doesn't mean that the underlying claims themselves are frivolous. Respectfully, I disagree, Your Honor. The beginning of the sentence says the plaintiff's claims are so frivolous without reference to whether he's talking about the state or the federal claims, and I think it means both. It's certainly a reasonable interpretation. The state law claims are dismissed without prejudice, so I'm trying to figure out on the prior page that's the district court, not the magistrate judge. So if the district court is not exercising jurisdiction over those claims, on what legal basis is the district court? I agree that it's effectively declining to exercise supplemental jurisdiction. That's not literally what he's doing. Pardon me? You can't say on one page that those things are dismissed without prejudice and then say I'm making a legal ruling that they're frivolous. I don't understand how you can have those two things under your reading. I had read the frivolousness as to the appeal of a declination. That's certainly one possible reading, but I think it informs the – because we're going to look to what happens, what happened, what really happened. We're not going to look behind it. We're going to look to what happened. And in Zemion, the entire case is dismissed. So it is arguable. Would you agree that to evaluate the merits of the state law claims, the court would have to first decide to exercise jurisdiction over them, or can a district court say I'm not exercising jurisdiction and, by the way, they're frivolous? Yeah, that gets really to the heart of our argument, which is exactly that pivot point. If the court declines supplemental jurisdiction, as it is, generally speaking, required to by Section 1367 when it's dismissing all of the Federal claims, and that's a statute that it has to comply with simultaneously with the PLRA, right? So at that point, any commentary that the district court makes on the claims themselves, it really shouldn't do it at all. And if it doesn't, it's purely advisory. It has no legal effect one way or the other. And to force the district courts to interpret the PLRA this way, to require the district courts to tread into that order for purposes of clarifying whether the action is frivolous or it's a strike, consumes the very resources that the Prisoner Litigation Reform Act was designed to avoid having courts do. It's designed to be a more efficient way of looking at things. So when a court takes the Federal claims and dismisses them for reasons that qualify under the PLRA, the supplemental jurisdiction claims need to be sort of disregarded. They don't affect the nature of the dismissal. The entire case is dismissed. And that's what the statute says. The statute doesn't parse it by claims. It says the action. And the action remains dismissed under the PLRA. And your view is when part of the claims that are dismissed for lack of jurisdiction, that counts as – because I'm still not understanding your next part here. Since we agree that anything they said about frivolousness is an advisory opinion because they aren't exercising jurisdiction. Right. And if they say Federal claims are out for failure to state a claim, state claims are out because I'm not exercising jurisdiction, so the action is dismissed. Right. How does that help you? Because the PLRA says we have to look at the basis for dismissal, not just whether something was dismissed, but what is the legal basis for dismissal. But the focus of the PLRA is properly on the Federal claims because that's what Congress was directed at. Isn't that quite a modification of Thompson? No, Your Honor. I think the thing to understand about what Thompson said about when there are individual claims that aren't dismissed for reasons that qualify under the PLRA, it was talking about a situation. The example the Court gave was when one claim is dismissed under Rule 12b-6 and one claim succeeds on the merits. That's a very different situation than what you have with a declination of supplemental jurisdiction on claims. Can I make sure I understand one thing? If one claim is dismissed for lack of jurisdiction and one claim is dismissed for failure to state a claim, your answer is? If we are not in the District of Columbia, it can be a strike. If the Court is in the District of Columbia, of course, under Thompson, it cannot be. Okay, just making sure I understand that. And that gets to another sort of point that's running through this, which maybe jumps to the preclusiveness side, but the rules are different in different jurisdictions. Other jurisdictions have recognized lack of jurisdiction as a potentially qualifying strike. That doesn't hold here, and until the Supreme Court settles that, there's no other way to get around that. But Thompson speaks in terms of, correctly identifies the statute as speaking in terms of dismissal of actions and not claims. So this is why it has to be this way. Otherwise, it will be trivial for, as Judge Millett at least posited, for prisoners to add state law claims purely as a way to immunize themselves from getting strikes under the PLO Act. Can I go back to parsing the Zemian order? Sure. Is your reading of that, that the case was dismissed on frivolousness grounds? My reading of the case is that it's mixed. It is dismissed. The federal claims were dismissed clearly for lack of jurisdiction. The state claims are dismissed without prejudice, which is, I think, probably better read, as Judge Millett suggests, as declining to exercise supplemental jurisdiction over them in the context of all of the report and recommendation and the adoption by the district court. I note that it's the same district judge who dismissed Ness. It's the same judge. Two years earlier, he dismissed Ness, and there expressly declined to exercise supplemental jurisdiction over state law claims. So that actually gets to one of the other points of sort of administering the PLRA. By the way, this court in Thompson suggested that it was a relatively easy step for judges to make it clear whether they were deeming claims frivolous, malicious, or so failing to state a claim that they should be counted as a strike. Experience 10 years on, perhaps, teaches that while it may be a relatively easy step, it's not always taken. We've got some courts in the country that are apparently being told not to take it at all. So this question of take the step of enumerating, labeling something as a strike, or saying it's being dismissed. Those are separate things, right? Dismissal and labeling as a strike. Normally a court does say what it is doing. That's somewhat different from labeling it with respect to possible downstream consequences. Right. So in this case, we're dealing with a court that dismissed the cases and labeled them as strikes. That's what this case is about. And express strikes in that situation, as Thompson recognized, the advantage of a bright line that avoids the need to relitigate those underlying cases is considerable. And Thompson recognized that and said we shouldn't relitigate these cases if they're dismissed. I read Thompson as saying you can't relitigate the erroneous dismissal, the erroneous 12B6 dismissal. The erroneous? What do you mean by that? Suppose the district court says I am dismissing this case for failure to state a claim under Rule 12B6. That's all the district court says. Right. And if we looked at that, we'd say that was crazy. It was actually a dismissal for lack of subject matter jurisdiction. I read Thompson to say we can't second guess the district court judge's grounds for dismissal there. However, if the district court says I dismiss for failure to state a claim for lack of jurisdiction and I'm labeling that a strike, I don't read Thompson to say we can't second guess the labeling as a strike. Do you understand the distinction? I understand the distinction you're drawing. And then the third thing I would point out to you is that Thompson also suggests that the Court of Appeals might have a pass on that because it also says where a court of appeals affirms a case, affirms a decision, but calls it frivolous, they appeal frivolous. It can't. The court could look behind that and say it should have been a dismissal pursuant to its duty under 1915E2B, I believe. So there's ‑‑ But you didn't read Zemian as a dismissal on frivolousness grounds, did you? No. Okay. No. It's a declination of ‑‑ Dismissal for lack of jurisdiction and the state law claims are ‑‑ Right. Right. The state law claims are dismissed without prejudice, it happens to note. Okay. The reason is not clear. It's amazing how complicated this has become. And it's supposed to be such a simple system, right? It's supposed to be simple. It's supposed to be easy. Are you all still making the broader collateral stoppable argument? By that I mean because the third ‑‑ Because it's called a strike, it should be a strike? No, I know you're making that argument. Say another court of appeals put aside the third and ninth circuits here. Say another court of appeals has looked at this for this person and said here she has three strikes. Right. Are you making a collateral stoppable kind of issue preclusion argument? No, I'm not, Your Honor. Can I just ask, is this a government‑wide position? I'm curious whether Maine Justice has ‑‑ I have not coordinated this position with Maine Justice, Your Honor. That's an appropriate thing for me to note. Okay. What I would say is like legions of math teachers through the years, when a court says somebody has three strikes, it benefits all of us if they'll show their work and at least then identify what strikes are in play. Right. So you didn't want to defend that here? I do not want to defend that here. That's not the grounds on which the district court ruled. Yeah. And I don't feel compelled to defend it here because of that. It was lurking in some of the earlier papers in this case. Yeah. There are lots of things lurking in papers. Okay. But then they disappeared in your red brief, I noticed. Can I ask you a quick question? Yes, Your Honor. Is Mr. Forstar still incarcerated? I know he was, I guess, picked back up in January. Is there any sense for purposes of evaluating how important these strikes are going forward, how many strikes he has going forward, is he still in prison? The most current information I have, which I tried to glean from the Bureau of Prisons Inmate Locator System last night, is that he was not represented in that system as in custody, but he hasn't been, while I know he has been in custody, pursuant to having been re-arrested for failure to register as a sex offender. So I can't speak with certainty to that issue, but I know it doesn't make a difference to the resolution of this case unless the court were to decide it didn't matter. But since there seem to be ongoing issues, I think it does matter whether he has three strikes or not. I'm sorry. That is ongoing. To Mr. Forstar. But he's completely at liberty for that. That's why. Then he remains free, of course, to file as a non-incarcerated person, and nothing about his prior litigation history would impact his. Right. Right. That's true. But I can't. If it's important to the court, I will find out and file a letter. Could he go back in this case and say, well, now I'm entitled to IFP free of the PLRA? He might be able to do that if he refiled the case. But this case, having been filed while he had been a prisoner, our position would be the Prisoner Litigation Reform Act applies. If I could briefly turn, I know my red light is on, but if I could briefly turn to this, the preclusiveness of the strikes, the court has made it fairly clear that it disagrees with my position. But it makes it a hard system. If courts go to the trouble, I mean, if it isn't much trouble and the courts go to it, to then likely disregard what another court says in another jurisdiction. Well, to give you half a loaf, it's not going to be irrelevant when the district court says that about its own decision. It will be useful evidence for a court down the road, but it won't be dispositive. In other words, even if we reject your position on the preclusiveness of the strike labeling exercise, completely worthless. Okay. Well, I have two quick points then on that. One is that this case is not here on de novo review of these strikes right now. It is here on the district court's decision. And we at least raised in our brief the possibility that not all of these cases are subject to the same exact standard of review. Now, I will readily, we cited the Barber versus Browner case, which talked about mixed standards of review or mixed case law and fact review. And this is an area, one of the examples cited in Barber for the need for de novo review would be where the law needs to be developed. And I can't stand here and say that the law here is so clear. There's not that. So all I'm suggesting is there's no reflexive need here to do de novo review. You may do that here for legitimate reasons. But as a general matter, this case is here on the district court's decision, dismissal, not on this court's motion for IFP. So that's a distinction. Last point. Which I forgot in making that one too long. Okay. Hold on. You were talking about the collateral estoppel. If that helps you. Oh, collateral estoppel. Oh, collateral estoppel? I was talking about that? Okay. It doesn't apply here. The Prisoner Litigation Reform Act is a statute that has to be complied with. The judicially created doctrine of collateral estoppel doesn't really have an application in this setting. When a court says it's a strike, the federal judiciary, here's my point, federal judiciary has a means for that to be resolved. That would be a direct appeal to the appellate court to get the strike overturned, or perhaps a Rule 60b-6 probably motion back to the deciding judge to remove the strike. That's, I mean, to just flood new litigation into challenging the late strike label alone, I mean, I don't know. It seems a very basic argument why it should make little or no difference, the imposition of the label. The imposition of the label should make some difference because, as Thompson recognizes, it's little enough of an extra thing once a court has gone as far as it has evaluating the claim. Thompson was just talking about saying make clear the basis of your action. That's different. All right. All I can say in closing your honor is that I think it should have, and perhaps that's ultimately your point, Judge Favonis, it's not that it has no value. It's just that it's not necessarily going to be dispositive in every situation. Okay. Thank you very much for your argument, and we'll give you two minutes on rebuttal. Thank you, your honors. Unless you have any further questions, I'm prepared to submit them. Okay. That's a wise choice. You were appointed, Mr. Shelley and Mr. Cossack, you were appointed by the court, and the court thanks you very much for your excellent assistance in this case. The case is submitted.
judges: Kavanaugh, Millett, Williams